Filed 3/6/25  P. v. Buenrostro CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G062680 |
|     v. | (Super. Ct. No. 18CF0617) |
| VICTOR BUENROSTRO, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

After Victor Buenrostro was convicted of various crimes, he was sentenced to 28 years in prison. Subsequently, his sentence was reversed and the matter remanded for a new sentencing hearing. He was resentenced to a total term of 22 years in prison. Buenrostro appealed, raising three sentencing issues. As discussed below, we find no sentencing error and affirm.

STATEMENT OF THE CASE

On May 22, 2019, a jury found Buenrostro guilty of attempted second degree robbery (Count 2 of the information), possession of a firearm within 1,000 feet of a school (Count 3), possession of a firearm by a felon (Count 4), and assault with a firearm (Count 6). As to Count 2, the jury found Buenrostro personally and intentionally discharged a firearm causing great bodily injury (GBI). As to Count 6, it found he personally used a firearm and personally inflicted GBI.

In a bifurcated proceeding, the trial court found that Buenrostro had suffered a prior strike conviction for which he served a term in prison.

The trial court sentenced Buenrostro to a total of 28 years in prison. This court affirmed the judgment in full. (See *People v. Buenrostro* (Sept. 14, 2021, G058813) [nonpub. opn.].) The California Supreme Court, however, granted review and transferred the matter back to this court to reconsider the sentence in light of newly enacted sentencing legislation. Subsequently, this court reversed the sentence and remanded the matter for a new sentencing hearing. (See *People v. Buenrostro* (Mar. 16, 2022, G058813) [nonpub. opn.].)

On remand, the trial court sentenced Buenrostro to a total term of 22 years in state prison. The court selected Count 6 as the primary term,

2

and it imposed the middle term of 6 years, doubled for the strike, plus 10 years for personal use of the firearm, for a total of 22 years. As to count 2, it imposed and stayed the middle term of 2 years, doubled for the strike, plus 20 years for the firearm enhancement. The court also imposed and stayed double the middle term for Counts 3 and 4.

STATEMENT OF THE FACTS

As stated in our prior opinion, when Buenrostro was 21 years old, he attempted to steal a bicycle belonging to a homeless man. When the homeless man called out, "Hey, that's my bike," Buenrostro responded by getting off the bicycle, pulling out a gun and pointing it at the man. A fight ensued, during which the gun went off. Buenrostro fled without the bicycle. The homeless man survived from a single gunshot wound to his chest. (*People v. Buenrostro* (Mar. 16, 2022, G058813) [nonpub. opn.].)

DISCUSSION

I.

SENATE BILL NO. 81

Buenrostro contends the trial court was required to consider dismissing the prior strike allegation under Penal Code section 1385, subdivision (c),[1] as amended pursuant to Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81). We conclude, in accordance with all other Courts of Appeal that have addressed the issue to date, that Senate Bill 81 does not apply to sentences imposed under the Three Strikes law.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

3

Effective January 1, 2022, Senate Bill 81 "amended section 1385 to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. . . ." (Italics added.) "The term 'enhancement' has a well-established technical meaning in California law." (*People v. Burke* (2023) 89 Cal.App.5th 237, 243 (*Burke*), quoting *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 526–527 (*Romero*).) An "enhancement" is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(5); *Romero*, *supra*, 13 Cal.4th at pp. 526–527.) The Three Strikes law is an alternative sentencing scheme, not an enhancement. (*Romero*, at p. 527.) "The Three Strikes law is a penalty provision, not an enhancement . . . because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternative sentence . . . when it is proven that the defendant has suffered . . . prior serious felony convictions." (*People v. Williams* (2014) 227 Cal.App.4th 733, 744.) Accordingly, courts have held that section 1385, subdivision (c) does not apply to prior strike convictions. (See, e.g., *People v. Dain* (2024) 99 Cal.App.5th 399, 404; *People v. Olay* (2023) 98 Cal.App.5th 60, 67 (*Olay*); *Burke*, at p. 243.)

Buenrostro argues the legislative history of Senate Bill 81 indicates the Legislature intended the changes to section 1385 would apply to Three Strike sentences. The appellate court in *Olay* rejected this argument, concluding that "a closer look at that legislative history reveals that there is no ambiguity and that the Legislature did not intend for that term

['enhancement'] to include prior strikes." (*Olay*, *supra*, 98 Cal.App.5th at p. 68.) The *Olay* court noted: "bill analysis states, in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements [ ] *but does not encompass alternative penalty schemes*.'" (*Id.* at p. 67.) "A more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Ibid.*) We agree with the analysis set forth in *Burke* and *Olay*, and conclude that Senate Bill 81 does not apply to prior strikes. The trial court did not err in declining to consider striking the prior strike under section 1385, subdivision (c).

## II.

## FIREARM-USE ENHANCEMENT

Buenrostro next challenges the 10-year firearm-use enhancement attached to Count 6. He contends the enhancement should have been stricken pursuant to section 1385, subdivision (c)(2)(C), as its imposition resulted in a sentence longer than 20 years. Alternatively, he contends the trial court should have imposed at most the middle term on that enhancement, rather than the upper term of 10 years, pursuant to section 1170, subdivision (b)(6)(B).

*A. Total Term Longer than 20 years*

Section 1385, subdivision (c)(2) provides that, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means

5

there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. [¶] . . . [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed."

Under the plain language of section 1385, subdivision (c)(2), the trial court "shall" dismiss an enhancement, such as the firearm-use enhancement, unless the trial court finds dismissal of the enhancement would endanger public safety. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*) ["[a]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present"]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297 ["consideration of the mitigating factors in section 1385(c)(2) is not required if the court finds that dismissal of the enhancement would endanger public safety"].) Here, the court imposed the 10 year enhancement without making any finding of danger to public safety. However, Buenrostro forfeited any claim of sentencing error because he failed to raise a timely objection to the lack of a dangerousness finding. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

Anticipating forfeiture, Buenrostro argues his trial counsel was ineffective for failing to object. An ineffective assistance of counsel claim requires a showing that "counsel's action was, objectively considered, both deficient under prevailing professional norms and prejudicial." (*People v. Seaton* (2001) 26 Cal.4th 598, 666, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687.) "[T]he burden is on the defendant to show (1) trial counsel

6

failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Lewis* (1990) 50 Cal.3d 262, 288.) Thus, the defendant "must show both that his counsel's performance was deficient when measured against the standard of a reasonably competent attorney and that counsel's deficient performance resulted in prejudice to [the] defendant in the sense that it 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" (*People v. Kipp* (1998) 18 Cal.4th 349, 366.) "If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'" (*Ibid.*)

The appellate record contains no explanation of counsel's failure to object. Buenrostro also has not demonstrated there could be no satisfactory explanation for counsel's omission. For example, counsel may have declined to object in light of the trial court's sentence on Count 2. In imposing a 20-year term for a firearm-use enhancement, the court stated, "I don't think it would be in the interest[] of justice to reduce this 20 years to a [10]-year enhancement." "[I]n most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in [section 1385,] subdivision (c)(2)." (*Walker*, *supra*, 16 Cal.5th at p. 1033.) Given that Counts 2 and 6 arise from the same underlying conduct, it is reasonable to infer that, if counsel would have objected to the lack of a dangerousness finding, the court would have likewise declined to dismiss the firearm-use enhancement attached to

Count 6 by finding dismissal would endanger public safety. Accordingly, Buenrostro has failed to demonstrate counsel's omission lacked a satisfactory explanation, and thus, we reject the ineffectiveness claim.

*B. Upper Term for Firearm-Use Enhancement*

Finally, Buenrostro contends the trial court abused its discretion in imposing the upper term for the firearm-use enhancement because it had found his youth was a mitigating factor under section 1170, subdivision (b)(6).

Senate Bill No. 567 amended section 1170.1 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 2) (Senate Bill 567) to limit a sentencing court's discretion when imposing aggravated terms. As amended, section 1170.1, subdivision (d), specifies "[i]f an enhancement is punishable by one of three terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," except "when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(1), (2).) Here, the trial court imposed the upper term for the firearm-use enhancement "based on the aggravating factor of great bodily injury found true by the jury pursuant to Penal Code Section 12022.7." The court explained it could use the jury's finding of GBI as an aggravating circumstance because it was striking the term for the GBI enhancement. The court's imposition of the aggravated term for the firearm-use enhancement thus complies with the amendments to section 1170.1 set forth in Senate Bill 567, because it is based on an aggravating circumstance found true beyond a reasonable doubt by a jury.

8

Buenrostro, however, contends that a different amendment to sentencing laws applies in his case. Specifically, Senate Bill 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1) added section 1170, subdivision (b)(6), which creates a mandatory presumptive low term when certain mitigating factors, such as youth, are found. The trial court found Buenrostro's youth was a mitigating factor in the offense. However, section 1170.1, subdivision (d), does not mention section 1170, subdivision (b)(6) as a limitation on the sentencing court's discretion to impose an aggravated term for an enhancement, even though both statutory changes were part of the same Senate Bill. Thus, we are not persuaded that section 1170, subdivision (b)(6) the trial court's sentencing discretion in this case to impose no more than the middle term on the firearm-use enhancement. Accordingly, we reject the claim of sentencing error.

DISPOSITION

The judgment is affirmed.

DELANEY, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.

9